J70AAPERP                    Plea

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        19 CR 531 (ALC)

5   JOSEPH PERLMAN,

6               Defendant.

7   ------------------------------x

8                                       New York, N.Y.
                                        July 24, 2019
9                                       3:15 p.m.

10
    Before:
11
                    HON. ANDREW L. CARTER, JR.,
12
                                        District Judge
13

14                       APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    DAVID ABRAMOWICZ
17  MICHAEL MCGINNIS
         Assistant United States Attorney
18
    SEAN HECKER
19       Attorney for Defendant Perlman

20  ABRA METZ-DWORKIN
         Attorney for Defendant Perlman
21

22

23

24

25
```

J7OAAPERP                        Plea

1          (Case called)

2          MR. ABRAMOWICZ:  Good afternoon, your Honor.

3          David Abramowicz and Michael McGinnis, for the

4    government.

5          MS. METZ-DWORKIN:  Abra Metz-Dworkin, on behalf of

6    Mr. Perlman, here with my colleague Sean Hecker.

7          THE COURT:  OK.  Good afternoon, Mr. Perlman.

8          My understanding is that Mr. Perlman wants to waive

9    indictment, be arraigned on an information and then plead

10   guilty to Count One of that information pursuant to an

11   agreement with the government.

12          Is that correct?

13          MS. METZ-DWORKIN:  That's correct, your Honor.

14          THE COURT:  OK.  I am going to ask you some questions,

15   Mr. Perlman.  I am going to require that your answers be under

16   oath, so I'll ask my wonderful and talented deputy to

17   administer the oath.

18          (Defendant Joseph Perlman sworn)

19          THE COURT:  Mr. Perlman, now that you taken an oath to

20   tell the truth I want you to understand anything that you say

21   can be used against you in a prosecution for false statement or

22   perjury or similar charges.

23          Do you understand?

24          THE DEFENDANT:  Yes.

25          THE COURT:  What is your full name?

J7OAAPERP                    Plea

1          THE DEFENDANT:  Joseph Edward Perlman.

2          THE COURT:  How old are you?

3          THE DEFENDANT:  57.

4          THE COURT:  How for did you go school?

5          THE DEFENDANT:  Some college.

6          THE COURT:  Are you currently or have you recently

7    been under the care of a physician or a psychiatrist?

8          THE DEFENDANT:  No.

9          THE COURT:  Have you recently been hospitalized or

10   treated for narcotics addiction or alcohol abuse?

11         THE DEFENDANT:  No, your Honor.

12         THE COURT:  In the last 24 hours have you had any

13   drugs, medicine, pills or alcoholic beverages of any sort?

14         THE DEFENDANT:  No, your Honor.

15         THE COURT:  Have you been furnished with a copy of the

16   information here?

17         THE DEFENDANT:  Yes.

18         THE COURT:  OK.  And let me ask counsel, do you have

19   any doubts about his competence to proceed; defense counsel?

20         MS. METZ-DWORKIN:  No, your Honor.

21         THE COURT:  I'll note for the record that Mr. Perlman

22   appears alert and he answered questions appropriately.  I find

23   that he is competent to proceed.  We will continue.

24         The information as One Count, it charges conspiracy to

25   commit wire fraud.  I will summarize the information and

J7OAAPERP                    Plea

1   indicate that were at least in or about October 2018 in up to

2   and including in or about October 2019 that you willfully and

3   knowingly conspired with others to commit wire fraud.

4            Do you understand?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  And that it was a part and object of the

7   conspiracy that you and others would devise a scheme and

8   artifice to defraud.

9            Do you understand?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  And for purposes of executing such scheme

12  and artifice to defraud that you and others would transmit and

13  cause to be transmitted by means of wire communication and

14  interstate and foreign commerce writings, signs, signals,

15  pictures and sounds for the purpose of executing that scheme.

16           Do you understand?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  And specifically, that you participated in

19  a scheme to obtain and steal advanced fees provided by victims

20  in exchange for fraudulent standby letters of credit and

21  executed such a scheme through use of interstate wires

22  including e-mail and telephone calls.

23           Do you understand?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  All right.  You have a constitutional

J7OAAPERP                    Plea

1    right to be charged by an indictment of a grand jury but you

2    can waive that right and consent to being charged by

3    information of the United States Attorney.

4              Do you understand?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Instead of an indictment this felony

7    charge against you has been brought by the U.S. Attorney by the

8    filing of an information.  Unless you waive indictment you may

9    not be charged with a felony unless a grand jury finds by

10   return of an indictment there is probable cause to belie e that

11   a crime has been committed and that you committed it.

12             Do you understand?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  If do you not waive indictment the

15   government may present the case to the grand jury and ask it to

16   indict.  The grand jury is composed of 16 and not more than 23

17   persons.  At least 12 grand jurors must find that there is

18   probable cause to believe that you committed the crime to which

19   you were charged before you may be indicted.  The grand jury

20   might or might not indict you.

21             Do you understand?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  If you waive indictment by the grand jury

24   the case will proceed against you on the U.S. Attorney's

25   information just as though you had been indicted.

1           Do you understand?

2                THE DEFENDANT:  Yes, your Honor.

3                THE COURT:  Have you discussed the information with

4      your attorney?

5                THE DEFENDANT:  Yes, your Honor.

6                THE COURT:  Have you discussed waiving your right to

7      indictment by the grand jury with your attorney?

8                THE DEFENDANT:  Yes, your Honor.

9                THE COURT:  Do you understand your right to indictment

10     by grand jury?

11               THE DEFENDANT:  Yes, your Honor.

12               THE COURT:  Have any threats or promises been made to

13     induce you to waive indictment?

14               THE DEFENDANT:  No, your Honor.

15               THE COURT:  Do you wish to waive your right to

16     indictment by a grand jury?

17               THE DEFENDANT:  Yes, your Honor.

18               THE COURT:  I have before me a waiver of indictment

19     form which appears to bear your signature.  Is this your

20     signature on that top signature line?

21               THE DEFENDANT:  My eyes aren't that good.

22               (Pause)

23               THE DEFENDANT:  Yes, your Honor.

24               THE COURT:  And before signed it did you discuss it

25     with your attorney?

J7OAAPERP                    Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Did you sign it because you wished to

3    waive your right to indictment by a grand jury?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Defense counsel, is there any reason why

6    your client should not waive indictment?

7          MS. METZ-DWORKIN:  No, your Honor.

8          THE COURT:  All right.  I find that the waiver is

9    knowingly and voluntarily made and I accept it and I will enter

10   an order and finding to that effect.  We will now proceed to

11   arraignment on information.  I know that you intend to plead

12   guilty to Count One of the information, but before I could

13   accept any plea of guilty I have to make sure that you

14   understand the rights that you are waiving by pleading guilty

15   and that there is a factual basis for a plea.  So for the time

16   being, the Court will enter on your behalf a plea of not guilty

17   to the information.

18          Do you understand?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  All right.  Now you have a constitutional

21   right to continue to plead not guilty to Count One of the

22   information.

23          Do you understand?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  If you persist in that right you have the

J7OAAPERP                    Plea

1   right to a speedy and public trial by a jury.

2           Do you understand?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  At that trial you would be presumed

5   innocent and you would not have to prove that you were

6   innocent.

7           Do you understand?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  At that trial the burden of proof would be

10  on the government and they would have to prove each and every

11  element of the crime charged beyond a reasonable doubt.

12          Do you understand?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  At that trial and at every stage of this

15  criminal litigation you have the right to be represented by an

16  attorney.  If you could not afford to hire your own attorney

17  the Court would give you an attorney for free.

18          Do you understand?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Counsel, are you retained or appointed on

21  this matter?

22          MS. METZ-DWORKIN:  Appointed, your Honor.

23          THE COURT:  All right.  Let's turn to those elements

24  that the government would have to prove beyond a reasonable

25  doubt.  So for Count One of the information conspiracy to

J7OAAPERP                    Plea

1    commit wire fraud the government would have to prove that you

2    willfully and knowingly conspired.

3              Do you understand?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  That means that you knowingly and

6    willfully entered into an agreement with at least one other

7    person to commit a crime.

8              Do you understand?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  And that the object of that crime, the

11   object of that conspiracy or agreement was that you and the

12   others would devise a scheme and artifice to defraud.

13             Do you understand?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  And that you would voluntarily and

16   intentionally devise that scheme to defraud another out of

17   money.

18             Do you understand?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  And that that scheme was devised with the

21   intent to defraud.

22             Do you understand?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  And that it was reasonably foreseeable

25   that interstate wire communications would be used.

J7OAAPERP                    Plea

1          Do you understand?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  And that interstate wire communications

4     would in fact be used.

5          Do you understand?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  In addition, if you plead guilty you'll be

8     giving up your right to challenge the venue of the prosecution.

9          Do you understand that?

10          THE DEFENDANT:  I do, your Honor.

11          THE COURT:  Specifically, the government would have to

12     prove that you participated in a scheme to obtain and steal

13     advance fees provided by victims in exchange for fraudulent

14     standby letters of credit and that you executed that scheme to

15     the use of interstate wires.

16          Do you understand?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Counsel for the government, have I left

19     out an element of the offense?

20          MR. ABRAMOWICZ:  No, your Honor.

21          THE COURT:  Counsel for defense, have I left out an

22     element of the offense?

23          MR. HECKER:  No, your Honor.

24          THE COURT:  So the government would have to prove each

25     and every one of those elements to a jury beyond a reasonable

1    doubt.  In order to attempt to prove those elements the

2    government would call witnesses.

3              Do you understand?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Your lawyer could question those witnesses

6    and your lawyer could object to any evidence the government

7    tried to introduce against you.

8              Do you understand?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  You could call your own witnesses at trial

11   and your lawyer would have the subpoena power of the United

12   States to make witnesses come to court for you.

13             Do you understand?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  You have the right to testify in your own

16   behalf at trial but at the same time you could not be forced to

17   testify because you have a right or privilege against

18   self-incrimination.  What a right or privilege against

19   self-incrimination means is that you could not be required to

20   say anything out of your own mouth that makes you appear

21   guilty.

22             Do you understand?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  So even if you are in fact guilty, you are

25   not required to plead guilty.  You could remain silent and

J7OAAPERP                    Plea

1    force the government to attempt to prove each and every element

2    of the crime charged beyond a reasonable doubt.

3              Do you understand?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  If the government could not prove each and

6    every element of the crime charged beyond a reasonable doubt to

7    a jury, the jury would have an obligation to find you not

8    guilty.

9              Do you understand?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  So I reiterate, even if you are in fact

12   guilty you are not required to plead guilty.

13             Do you understand?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  On the other hand, if you plead guilty

16   I'll have to ask you what you did that makes you guilty.  And

17   when you answer that question you'll be saying things out of

18   your own mouth that make you appear guilty, thereby giving up

19   your right or privilege against self-incrimination.

20             Do you understand?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Let's talk about the sentencing process.

23   If I accept your plea of guilty, you'll meet with the probation

24   department and they will prepare a presentence or probation

25   report.  That report will have information about you and the

J7OAAPERP                    Plea

1    crime that you're alleged to have committed.  That report will

2    also have the probation department sentencing guideline

3    calculation.

4              Do you understand?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Have you and your attorney discussed the

7    sentencing guidelines and how they might apply to your case?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Sentencing guidelines are advisory.  What

10   that means is although, I am required to determine the

11   guideline range that applies to your case, once I make that

12   determination I am not required to sentence you within that

13   range.

14             Do you understand?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  I will determine the guideline range that

17   applies to your case and I will determine the sentence which

18   may be inside or outside of the guideline range.  So as you sit

19   here today there is no promise as to what your guideline range

20   will be, nor is there a promise as to what your sentence will

21   be.

22             Do you understand?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  All right.  Let's talk about your

25   agreement with the government.  The Court Exhibit One which I

J7OAAPERP                    Plea

1   believe you have in front of you, did you sign the last page of

2   that document?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  And before signing it, did you read it?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  And did you discuss it with your attorney?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Do you understand that agreement?

9              THE DEFENDANT:  Yes, I do.

10             THE COURT:  Does that agreement constitute the

11  entirety of your agreement with the government?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Counsel for the government and the

14  defense, is that correct?

15             MR. ABRAMOWICZ:  Yes, your Honor.

16             MS. METZ-DWORKIN:  Yes, your Honor.

17             THE COURT:  OK.  Let's talk about the statutory

18  penalties that apply.  Then we'll go over some portions of the

19  agreement.  I'm not going to be over the entire agreement.

20  First let's talk about the statutory penalties.

21             Count One has a maximum term of imprisonment of 20

22  years.

23             Do you understand?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  There is maximum term of supervised

1    release of three years.

2              Do you understand?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Supervised release is like a term of

5    probation you serve after a term of custody.  You'd be subject

6    to drug testing, visits to a probation office and other

7    limitations on your freedom.

8              Do you understand?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  If you were to violate a condition of

11   supervised release you could be sentenced to an additional term

12   of custody and an additional term of supervised release without

13   credit for time previously served in custody or on supervised

14   release.

15             Do you understand?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  You'd be subject to the possibility of a

18   fine which is based on your ability to pay it.  The maximum

19   fine is the greatest of $250,000, twice the gross pecuniary

20   gain derived from the offense and twice the gross pecuniary

21   loss to persons other than you resulting from the offense.

22             Do you understand?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Is also a $100 special assessment wits

25   which is like a fine except it is mandatory.  I must impose it

J7OAAPERP                    Plea

1    regardless of your ability to pay it.

2              Do you understand?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Under your agreement you'd be admitting

5    the forfeiture allegation with respect to Count One of the

6    information.

7              Do you understand?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Under your agreement you are agreeing to

10   make restitution in an amount to be determined at sentencing

11   but at no case less than $5,900,000.

12             Do you understand?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  There is a guideline estimate in your

15   agreement with the government.  Have you seen that estimate and

16   discussed it with your attorney?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  All right.  That is simply an estimate.

19   It is not binding on the probation department.  It is not

20   binding on me.  There is no promise as to what your guideline

21   range will be, nor is there a promise as to what your sentence

22   will be.

23             Do you understand

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  I want to make sure that I understand if

J7OAAPERP                    Plea

1     you are not a citizen of the United States your guilty plea and

2     conviction make it very likely that you would be removed or

3     deported from the United States.

4                 Do you understand?

5                 THE DEFENDANT:  Yes, your Honor.

6                 THE COURT:  Have you discussed that with your

7     attorney?

8                 THE DEFENDANT:  Yes, your Honor.

9                 THE COURT:  Defense counsel, have you in fact

10    discussed that with your client?

11                MS. METZ-DWORKIN:  Yes, your Honor.

12                THE COURT:  You have a statutory right to appeal.

13                Do you understand?

14                THE DEFENDANT:  Yes, your Honor.

15                THE COURT:  Although have you a statutory right to

16    appeal under your agreement with the government, you have

17    agreed not to file a direct appeal, nor bring a collateral

18    challenge of any sentence within or below the range of 41 to 51

19    months imprisonment.

20                Do you understand?

21                THE DEFENDANT:  Yes, your Honor.

22                THE COURT:  Do you have any questions for me before we

23    continue?

24                THE DEFENDANT:  No, your Honor.

25                THE COURT:  Do you have any questions you'd like to

J7OAAPERP                    Plea

1     ask your attorney in private before we continue?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  Defense counsel, are you aware of any

4     legal defense to the charge or any other legal reason your

5     client should not plead guilty?

6              MS. METZ-DWORKIN:  No, your Honor.

7              THE COURT:  Mr. Perlman, are you satisfied with your

8     legal representation of to this point?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Mr. Perlman, are you willing to give up

11    your rights to trial and all the other rights we've discussed?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Other than what's contained in your

14    agreement with the government, has anyone made any promises to

15    induce you to give up those rights?

16             THE DEFENDANT:  No, your Honor.

17             THE COURT:  Has anyone threatened you or attempted to

18    force you to give up those rights?

19             THE DEFENDANT:  No, your Honor.

20             THE COURT:  How do you plead to Count One of the

21    information; guilty or not guilty?

22             THE DEFENDANT:  Guilty.

23             THE COURT:  What is it you did that makes you guilty

24    of the crime charged in Count One of the information?

25             THE DEFENDANT:  Your Honor, between October of 2018

1    and April of 2019 --

2              THE COURT:  Just a minute now.

3              Mr. Perlman, I see you standing to show respect to the

4    Court and while I appreciate it the, acoustics aren't great.

5    Why don't you have a seat and speak directly into the

6    microphone and I can hear everything you have to say.

7              THE DEFENDANT:  So between October of 2018 and April

8    of 2019, I agreed with others to participate in a scheme in

9    which we falsely represented to businesses including through

10   e-mail communications with individuals in other states that we

11   could help them obtain standby letters of credit in exchange

12   for fees that they were required to pay upfront.

13             Instead of obtaining standby letters of credit for

14   these businesses, we took the advance fees for ourselves.  I

15   knew that this scheme involved the interstate wire transfer of

16   funds and certain documents.  I knew that my conduct and my

17   participation in this scheme was wrong.  I'm embarrassed by my

18   actions and I deeply regret them, and I apologize to the

19   victims and the Court.

20             THE COURT:  And the scheme that you participated in,

21   did you participate in the scheme voluntarily and

22   intentionally?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  And when you participated in this scheme,

25   did you participate with the intent to defraud?

J7OAAPERP                    Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  And was it done for the purpose of

3   defrauding others out of money?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  And at the time that this participation in

6   this scheme took place, did you understand that it was likely

7   that wire communications would be used?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  And were e-mails also used as part of this

10  scheme?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  And you participated in this scheme

13  pursuant to an agreement that you had with others; is that

14  correct?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  And at the time that you entered into that

17  agreement, did you understand the purpose of this scheme?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  And did you entered into that agreement

20  knowingly, intentionally and willfully?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Any further allocution requested by the

23  government?

24         MR. ABRAMOWICZ:  No, your Honor.  But as a proffer to

25  the Court on behalf of the government at the potential trial

1    the government would produce evidence showing the defendant

2    spoke by phone about the scheme and in furtherance of the

3    scheme with an individual who was located in New York, New

4    York.

5            THE COURT:  OK.  And at the time based on what you

6    indicated, the defendant spoke to an individual who was located

7    in New York.

8            Where was the defendant located?

9            MR. ABRAMOWICZ:  And the defendant was out of state.

10   I believe he was in Georgia where he resided.

11           THE COURT:  Any further allocution?

12           Did you hear that, Mr. Perlman?

13           THE DEFENDANT:  I did, your Honor.

14           THE COURT:  Do you agree with what counsel for the

15   government said?

16           THE DEFENDANT:  I do, your Honor.

17           THE COURT:  Any further allocution requested by the

18   government?

19           MR. ABRAMOWICZ:  No, your Honor.

20           THE COURT:  Any further allocution requested by the

21   defense?

22           MS. METZ-DWORKIN:  No, your Honor.

23           THE COURT:  OK.  I find that Mr. Perlman understands

24   the rights that he is waiving by pleading guilty.  I further

25   find that there is a factual basis for the plea and I will

J7OAAPERP                    Plea

1   accept his plea of guilty.  We will schedule sentencing for

2   Friday, December 6, 2019 at 3:30 p.m.

3           I will ask counsel for the government to provide an

4   offense statement to probation within three weeks and for

5   defense counsel to schedule the presentence report interview

6   within three weeks.

7           Anything else from the government?

8           MR. ABRAMOWICZ:  No, your Honor.

9           THE COURT:  Anything from the defense?

10          MS. METZ-DWORKIN:  No, your Honor.

11          THE COURT:  OK.  We're adjourned.

12          Thank you.

13          (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25