# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL  shecker@kaplanhecker.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-28-21

September 24, 2021

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

    Re: *U.S. v. Perlman*, No. 19 Cr. 531 (ALC)

Dear Judge Carter:

  We represent Joseph Perlman, who was sentenced before Your Honor on December 6, 2019 in the above-captioned matter and is currently at liberty awaiting surrender to FPC Montgomery. Earlier today, we filed a supplemental letter motion (the "Letter Motion") providing further information on Mr. Perlman's serious medical condition. The Letter Motion describes Mr. Perlman's medical condition and attaches a new affidavit (the "Third Kooshkabadi Affidavit") submitted by Mr. Perlman's cardiologist. The Affidavit describes Mr. Perlman's condition and treatment in great detail. We therefore respectfully request that Your Honor order the Letter Motion and the attached Affidavit to be filed under seal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). We are simultaneously emailing an unredacted copy of the motion and underlying records to Your Honor's chambers and copying the United States Attorneys on this case. If Your Honor requests, we will also file the Letter Motion, Affidavits, and Medical Records by submitting them in person to the Court's sealed documents depository box at the Daniel Patrick Moynihan Courthouse.

  The Second Circuit recognizes "the common law right of public access to judicial documents" and "the public and the press['s] . . . 'qualified First Amendment right to . . . access certain judicial documents.'" *Lugosch*, 435 F.3d at 119-20 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). It has also articulated a three-step process that courts follow to determine whether documents should be placed under seal. First, a court must decide whether the documents constitute "judicial documents" such that a presumption of public access applies. *See id.* at 119. Second, if the court determines that the documents at issue constitute "judicial documents," it must then determine the weight of the presumption of access. *Id.* Third, after determining the weight of the presumption of access, the court must balance the competing considerations against it. *Id.* at 120. Countervailing factors "include but are not limited to the danger

# KAPLAN HECKER & FINK LLP

2

of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.*

Because the Letter Motion and Affidavit are relevant to the relief we seek in extending Mr. Perlman's surrender date to the Bureau of Prisons, they are judicial documents. *Id.* at 119 (judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process."); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). They also contain highly personal, confidential, and sensitive information regarding Mr. Perlman's health and medical history. Where documents involve highly sensitive personal information, courts in the Second Circuit have recognized an inherent right to privacy and have permitted documents that implicate that right to be filed under seal. *See United States v. Sattar*, 471 F.Supp.2d 380, 387 (S.D.N.Y. 2006) ("[T]here is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute.").

Courts in this Circuit routinely file under seal litigants' sensitive medical records. *See, e.g., United States v. Daugerdas*, No. 9 Cr. 81 (WHP), 2020 WL 2097653, at *3, n.2 (S.D.N.Y. May 1, 2020) (defendant's BOP medical records submitted in connection with a motion for a reduction in sentence under the federal compassionate release statute in light of COVID-19 docketed under seal); *United States v. Lucas*, No. 15 Cr. 143 (LJV), 2020 WL 2059735, at *3 (W.D.N.Y. April 29, 2020) (filing defendant's medical records received from federal prison under seal); *United States v. Estevez*, 18 Cr. 669 (JPO), 2020 WL 1911207, at *1 (S.D.N.Y. April 20, 2020) (noting that medical records were filed under seal); *Ahmad v. White Plains City Sch. Dist.*, 2019 WL 3202747, at *3 (S.D.N.Y. July 16, 2019) ("The Court directed Plaintiff to submit his medical records under seal in order to have his application considered"); *France v. Morton*, 2018 WL 1276860, at *6, n. 12 (S.D.N.Y. Mar. 9, 2018) (plaintiff's medical records filed under seal); *Robinson v. Clark*, No. 15 Cv. 8434 (KMK), 2017 WL 775813, at *10 (S.D.N.Y. Feb. 27, 2017) (filing submission under seal where documents contained "medical information not appropriate for filing on a public docket.").

Here, too, the Court should exercise its discretion and permit Mr. Perlman's Letter Motion and Affidavit to be filed under seal.

# KAPLAN HECKER & FINK LLP

3

Thank you for your consideration of this request.

Respectfully submitted,

*Sean Hecker* (signature)

Sean Hecker
Abra Metz-Dworkin
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
shecker@kaplanhecker.com
ametz-dworkin@kaplanhecker.com

*Counsel for Joseph Perlman*

cc:   (by ECF)

Assistant United States Attorneys David Abramowicz and Michael McGinnis

The application is granted.
So Ordered.
Andrew L. Carter
9-28-21