# KAPLAN HECKER & FINK LLP

**350 FIFTH AVENUE | 63ʀᴅ FLOOR**
**NEW YORK, NEW YORK 10118**

**1050 K STREET NW | SUITE 1040**
**WASHINGTON, DC 20001**

**TEL (212) 763-0883 | FAX (212) 564-0883**

**WWW.KAPLANHECKER.COM**

DIRECT DIAL    212.763.0883
DIRECT EMAIL  shecker@kaplanhecker.com

September 16, 2022

**VIA ECF**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __9/27/22__

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      *Re:*    *U.S. v. Perlman*, No. 19 Cr. 531 (ALC)

Dear Judge Carter:

      We represent Joseph Perlman, who was sentenced before Your Honor on December 6, 2019 in the above-captioned matter and is currently at liberty awaiting surrender to FPC Montgomery and Your Honor's ruling on his Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 and Memorandum in Support of that Motion, ECF Nos. 27 & 28. Earlier today, we filed a supplemental letter motion (the "Letter Motion") providing further information on Mr. Perlman's serious medical condition. The Letter Motion describes Mr. Perlman's medical condition and attaches a new affidavit (the "Fifth Kooshkabadi Affidavit") submitted by Mr. Perlman's cardiologist. The Affidavit describe Mr. Perlman's current condition and treatment in great detail. We therefore respectfully request that Your Honor order the Letter Motion and attached Affidavit and Medical Records to be filed under seal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

      The Second Circuit recognizes "the common law right of public access to judicial documents" and "the public and the press['s] . . . 'qualified First Amendment right to . . . access certain judicial documents.'" *Lugosch*, 435 F.3d at 119-20 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). It has also articulated a three-step process that courts follow to determine whether documents should be placed under seal. First, a court must decide whether the documents constitute "judicial documents" such that a presumption of public access applies. *See id.* at 119. Second, if the court determines that the documents at issue constitute "judicial documents," it must then determine the weight of the presumption of access. *Id.* Third, after determining the weight of the presumption of access, the court must balance the competing considerations against it. *Id.* at 120. Countervailing factors "include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.*

KAPLAN HECKER & FINK LLP

2

      Because the Letter Motion and Affidavit are relevant to the relief we seek in extending Mr. Perlman's surrender date to the Bureau of Prisons and support his Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582, they are judicial documents. *Id.* at 119 (judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process."); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). They also contain highly personal, confidential, and sensitive information regarding Mr. Perlman's health and medical history. Where documents involve highly sensitive personal information, courts in the Second Circuit have recognized an inherent right to privacy and have permitted documents that implicate that right to be filed under seal. *See United States v. Sattar*, 471 F.Supp.2d 380, 387 (S.D.N.Y. 2006) ("[T]here is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute.").

      Here, too, the Court should exercise its discretion and permit Mr. Perlman's Letter Motion and Affidavit to be filed under seal.

      Thank you for your consideration of this request.

      Respectfully submitted,

      Sean Hecker
      KAPLAN HECKER & FINK LLP
      350 Fifth Avenue, Suite 7110
      New York, New York 10118
      Telephone: (212) 763-0883
      Facsimile:  (212) 564-0883
      shecker@kaplanhecker.com

      *Counsel for Joseph Perlman*

cc:    (by ECF)

Assistant United States Attorneys David Abramowicz and Michael McGinnis

The application is **GRANTED**.
So Ordered.

9/27/22